UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GURJEET SINGH,

Petitioner,

v.

CHRISTOPHER J LAROSE, WARDEN OTAY MESA DETENTION CENTER; MARKWAYNE MULLIN, SECRETARY DEPARTMENT OF HOMELAND SECURITY; TODD M LYONS, ACTING DIRECTOR UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD BLANCHE, UNITED STATES ATTORNEY GENERAL,

Respondents.

Case No.: 3:26-cv-2278-JES-BLM

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Gurjeet Singh's ("Petitioner") Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents (the "Government") filed the Return. ECF No. 4, ("Ret."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

//

1

## I.    BACKGROUND

Petitioner is a native and citizen of India who entered the United States at or near San Ysidro, California, on or about December 9, 2024. ECF No. 1-2 at 1. Shortly thereafter, Petitioner was apprehended and taken into immigration custody. ECF No. 1-4. On December 18, 2024, Petitioner underwent a credible fear interview, in which he received a positive determination. *Id.*; ECF No. 1-4 at 17–18. His asylum application remains pending before the Immigration Court. *Id.* ¶ 28. On January 15, 2025, Immigration and Custom Enforcement ("ICE") released Petitioner from custody pursuant to an Interim Notice Authorizing Parole ("Parole Notice"), under U.S.C. § 1182(d)(5)(A). ECF No. 1-3, ("Parole Not.").

Following his release, Petitioner complied with all conditions of his supervision and reported to Respondents, as directed. Pet. ¶¶ 2, 26–27. But in January 2026, Petitioner appeared for a routine ICE check-in when he was re-detained by Respondents. *Id.* ¶¶ 3, 27. Petitioner is currently subject to mandatory detention at the Otay Mesa Detention Center since January of this year. *Id.* ¶ 9.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

3:26-cv-2278-JES-BLM

### III.   DISCUSSION

Petitioner contends that his re-detention, without any notice or an opportunity to be heard, violates the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 4–8. Petitioner further contends that his continued detention no longer serves any legitimate regulatory purpose and has become punitive in effect. *Id*. ¶¶ 33–37. The Government filed its Return, in which it: (1) conceded that Petitioner was previously released from immigration custody on parole under 8 U.S.C. § 1182(d)(5); (2) acknowledged that it lacked sufficient information regarding whether Petitioner's parole was ever terminated; (3) did not assert that any individualized determination was made pursuant to 8 C.F.R. § 212.5(e); and (4) stated its non-opposition to the Petition. Ret. at 2.

The Court finds that this issue has been addressed by the undersigned in a recent decision, *Gergawi v. Larose*. No. 3:25-CV-3352-JES-MMP, 2025 WL 3719321, at *2-4 (S.D. Cal. Dec. 23, 2025). Therefore, the Court elects to follow the reasoning stated in *Gergawi* and incorporates it by reference. *Id*.

### A.   Jurisdiction

While the Government does not contest the Court's jurisdiction over this matter, the Court finds it prudent to ensure it may hear this Petition. *See generally* Ret. Accordingly, the Court finds that 8 U.S.C. § 1252's jurisdiction stripping provisions do not bar this Court from considering Petitioner's claims. *See Martinez Lopez v. Noem et al.*, No. 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). Thus, the Court holds that it has jurisdiction over this action.

### B.   Procedural Due Process

It is undisputed that on January 15, 2025, Petitioner was granted humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5), as evidenced by Petitioner's Parole Notice. *See* Parole Not. Therefore, in absence of any contestation from Respondents, that grant of parole remained legally operative at the time of Petitioner's re-detention. *Id*. ¶¶ 7–8; *see generally* Ret. The Court finds that the Government's conduct—here, granting Petitioner parole— resulted in Petitioner's acquisition of a liberty interest in remaining out of immigration

custody. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal July 24, 2025).

Although the Parole Notice states that parole "can be terminated at any time and for any reason," that language speaks to ICE's discretionary authority to end the parole status itself. *See* Parole Not. Those terms, by no means, provides ICE the legal authority to undertake such action, without complying with the procedural safeguards that are required by the Due Process Clause. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032. The Due Process Clause provides that the Government may deprive a noncitizen of such a liberty interest, only *after* providing them with notice and an opportunity to be heard, *prior* to revoking their parole. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032.

Petitioner claims that his re-detention was effected without advance notice, any written custody determination, and any opportunity to respond. Pet. ¶¶ 3, 27, 50. He avers further that the Government made no individualized assessment of flight risk, dangerousness, or changed circumstances prior to taking Petitioner into custody at his routine check-in. Pet. ¶ 50. In its Return, the Government does not contest these assertions. *See generally* Ret.

On this record, the Court finds that the Government failed to provide Petitioner with any notice and an opportunity to be heard prior to revoking his parole, when he was re-detained in January 2026. *See Gergawi*, 2025 WL 3719321, at *3-4; *see also Pinchi*, 792 F. Supp. 3d at 1032. In doing so, Respondents violated Petitioner's due process rights. *C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025); *Leiva Flores v. Albarran*, No. 25-cv-09302-AMO, 2025 WL 3228306, at *5; *Faizyan v. Casey*, No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 2025). Accordingly, the Court will order Petitioner's immediate release.

//

//

//

4

## IV.   CONCLUSION

For the reasons discussed above:

(1) The Court **GRANTS** Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241;

(2) Because the Court **GRANTS** the Petition and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **IMMEDIATELY** release Petitioner from custody, subject to any conditions of his preexisting parole;

(3) Respondents are **ORDERED** to file a Status Report on or before **April 27, 2026**, confirming that Petitioner has been released; and

(4) The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: April 21, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-2278-JES-BLM